**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DORSEY DEAN ADAMS, JR.,

                          **Plaintiff,**

                                                    **CIVIL ACTION**
          **vs.**                                      **No. 01-3181-SAC**

KIM OST, et al.,

                          **Defendants.**


**ORDER**

    Plaintiff filed a pro se complaint under 42 U.S.C. 1983 while he was confined in a county jail in Kansas.  On December 16, 2004, the court denied plaintiff's partial motion for summary judgment, and granted defendants' motion for summary judgment. The judgment against plaintiff was entered on December 28, 2004.

    On May 9, 2004, plaintiff filed a notice of appeal, stating he never received a copy of the December 2004 order and judgment, and stating he was not informed of this decision until May 5, 2005.  By an order dated June 24, 2005, the Tenth Circuit Court of Appeal dismissed the appeal for lack of appellate jurisdiction because the appeal was untimely filed.  The circuit court order cited plaintiff's filing of a notice of appeal 102 days past the 30 day filing deadline, and plaintiff's failure to file a motion in the district court under Federal Rules of Appellate Procedure 4(a)(6) to reopen the time to file an appeal.

    Before the court is plaintiff's "motion to reopen the time

to file an appeal" (Doc. 102),[1] a response by defendant Hake (Doc. 106), and plaintiff's reply (Doc. 107).

In his motion, plaintiff again states he never received a copy of the district court's December 2004 order and judgment, and maintains he is entitled under the circumstances and under Rule 4(a)(6)(B) to seek leave to reopen the time to file an appeal.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure governs motions for reopening the time to file an appeal. The three subsections to the rule address the time for filing such a motion, Rule 4(a)(6)(A), the lack of notice to the moving party of the entry of the order or judgment being appealed, Rule 4(a)(6)(B), and whether any party would be prejudiced by granting the motion, Rule 4(a)(6)(C). Significantly, all three considerations must be satisfied. *See* Fed.R.App.P. 4(a)(6)("The district court may reopen the time to file an appeal...*but only if all the following conditions are satisfied*.")(emphasis added).

In the present case, plaintiff clearly does not satisfy the time limitations imposed by Rule 4(a)(6)(A) because his present motion is filed well outside both the 180 day period after the December 2004 judgment and order, and the seven day period after plaintiff received notice of that order and judgment. Accordingly, notwithstanding plaintiff's insistence that the failure to receive a copy of the December 2004 order and judgment satisfies Rule 4(a)(6)(B), the requirements imposed by Rule

---

[1]Plaintiff also file a notice of appeal (Doc. 103), and motion for leave to proceed in forma pauperis on appeal (Doc. 104).

4(a)(6) are not met.  Plaintiff's motion to reopen the time to file an appeal is denied.   To the extent plaintiff now appears to argue his May 2005 notice of appeal should have been liberally construed by the district or circuit court as encompassing sufficient facts to warrant consideration of that pleading as a request to reopen the time for filing an appeal at that time, any such argument should have been presented in a timely manner to the circuit court.

IT IS THEREFORE ORDERED that plaintiff's motion to reopen the time to file an appeal (Doc. 102) is denied.  Plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 104) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 12th day of October 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge